**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6591

FRANCISCO MASIAS,

        Plaintiff - Appellant,

     v.

WARDEN HODGES, sued in official and individual capacity; CAPTAIN RIFFLE, sued in official and individual capacity; S.I.S. ALDRIGE, sued in official and individual capacity; DR. WILSON, sued in official and individual capacity; AUSA FLOWERS, sued in official and individual capacity; AUSA BAUER, sued in official and individual capacity,

        Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:20-cv-00171-JPB-JPM)

Submitted: March 16, 2023                                Decided: March 23, 2023

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Francisco Masias, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Masias appeals the district court's orders dismissing his complaint, which raised Fifth and Eighth Amendment claims against several federal prison employees and two Assistant United States Attorneys under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and denying Masias' postjudgment motion to amend his complaint and vacate the dismissal order under Fed. R. Civ. P. 59(e).[1] Masias asserted a Fifth Amendment due process violation based on his placement in the segregated housing unit ("SHU") for over a year and the denial of a hearing regarding the conditions in the SHU. He also raised Eighth Amendment claims based on the conditions of confinement in the SHU and his medical treatment. Finally, Masias alleged a First Amendment retaliation claim. The district court dismissed Masias' complaint sua sponte, determining that a *Bivens* remedy was unavailable because Masias' claims presented a new context, and special factors counselled against extending a *Bivens* remedy. We affirm in part, vacate in part, and remand for further proceedings.

Turning first to Masias' Fifth and Eighth Amendment claims regarding his placement in the SHU and the conditions of confinement and his First Amendment retaliation claim, we have reviewed the record and find no reversible error in the denial of these claims. Accordingly, we affirm these portions of the district court's judgment.

---

[1] We construe Masias' informal brief as the functional equivalent of a notice of appeal from the district court's postjudgment order. *See* Fed. R. App. P. 4(a)(1)(A); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

2

*Masias v. Hodges*, No. 5:20-cv-00171-JPB-JPM (N.D.W. Va. Apr. 8, 2021); *see Tate v. Harmon*, 54 F.4th 839 (4th Cir. 2022).

Next, we consider Masias' appeal of the district court's determination that a *Bivens* remedy was unavailable for his Eighth Amendment challenge to his medical treatment. "This Court reviews de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A." *Shaw v. Foreman*, 59 F.4th 121, 126 (4th Cir. 2023). Dismissal is only proper when, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* (internal quotation marks omitted).

In his complaint, Masias alleged that he received delayed treatment for a nasal infection and had been denied treatment for a hernia, an ankle injury, and issues with his toenail. The court reasoned that Masias' claims presented a new context from *Carlson v. Green,* 446 U.S. 14 (1980)—which recognized a *Bivens* remedy for a claim of Eighth Amendment deliberate indifference to serious medical needs—because Masias' claims were not as severe as those in *Carlson* and were not likely to cause permanent damage or death.

After the dismissal of his complaint, Masias moved to amend his complaint and to vacate the dismissal order under Rule 59. His proposed amended complaint included allegations that a medical evaluation showed that his ankle injury was due to torn ligaments, which would require surgery, and he claimed that he had been unable to properly walk on his ankle for several years. Masias also claimed that his nasal infection required

3

surgery. Finally, his asserted that his hernia caused pain for over a year and that he was referred to a specialist to determine whether the pain was caused by a hernia or cancer.

We conclude that the facts alleged in Masias' complaint and proposed amended complaint do not present a new context and that, viewing the facts alleged in the light most favorable to Masias, a *Bivens* remedy was available. *See Carlson v. Green*, 446 U.S. 14 (1980); *Langford v. Joyner*, __ F.4th __, __, No. 21-7737, 2023 WL 2335957, at *3 (4th Cir. Mar. 2, 2023) (evaluating sufficiency of *Bivens* complaint under deliberate indifference standard where plaintiff alleged small bowel obstruction and abdominal infection, which required surgery and caused abdominal pain, nausea, vomiting, difficulty walking, and diarrhea). Accordingly, the district court should have permitted Masias to amend his complaint.[2] *See Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

We therefore vacate the district court's dismissal of Masias' Eighth Amendment deliberate indifference claim based on his medical treatment and the court's order denying Masias' postjudgment motions, and we remand for consideration of whether Masias alleged a deliberate indifference claim and whether dismissal of Masias' claim is proper on other grounds. We express no opinion on the ultimate disposition of Masias' deliberate indifference claim. We dispense with oral argument because the facts and legal contentions

---

[2] The district court did not have the benefit of *Langford* when it dismissed Masias' complaint.

4


are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*